UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM S. URMANCHEEV,<br><br>  Plaintiff,<br><br>  v.<br><br>HUNTER ANGLEA, et al.,<br><br>  Defendants. | Case No.:1:19-cv-00791-DAD-JLT (PC)<br><br>**ORDER DENYING MOTION REGARDING SERVICE OF SUMMONS;**<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT NOTICE**<br><br>(Docs. 1, 9)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

I.    **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations that state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

II.    **Plaintiff's Allegations**

Plaintiff's claims arose following his transfer from Sierra Conservation Center in Jamestown, California to Avenal State Prison in Avenal, California. He names as defendants SCC Warden Hunter Anglea; SCC Lt. C. Hays; SCC Correctional Officer K. Petrey, Sr.; and ASP Correctional Counselor I P. Johnson. Each defendant is sued in his or her individual capacity. Plaintiff seeks declaratory relief and damages.

Plaintiff's allegations may be fairly summarized as follows:

On or around May 29, 2015, plaintiff was transferred from SCC to ASP on a medical transfer. He remained at ASP's Outpatient Housing Unit until September 25, 2015. During that

2

1  time, plaintiff's legal property was not transferred to him from SCC, even though plaintiff
2  informed Lt. Hays of the importance of these documents. CO Petrey discovered plaintiff's
3  property at SCC sometime later, but he did not send it to plaintiff in a timely manner. At ASP,
4  plaintiff was unable to access the law library or law books. When he sought ASP Correctional
5  Counselor Johnson's assistance, she was generally indifferent to plaintiff's needs. As a result of
6  these factors, plaintiff was forced to abandon his appeal of his conviction and sentence.
7  Specifically, he claims that he was unable to meet an "expiring final extention [*sic*]" to file a
8  "Wende brief." This had the related effect of preventing plaintiff from pursuing a petition for writ
9  of habeas corpus.
10  Upon his return to SCC, plaintiff became aware that his personal property, which he
11  values at $199.50, had been lost or destroyed. When plaintiff complained of the loss or
12  destruction of his property in an inmate grievance, Lt. Hays sought to cover up the incident by
13  misrepresenting critical details in order to clear himself and his subordinates of any wrongdoing.

14  **III.  Discussion**
15  **A.  Access to Courts**
16  Plaintiff's first claim concerns the defendants' failure to timely transfer his legal property,
17  resulting in the abandonment of plaintiff's criminal appeal.
18  Prisoners have a constitutional right of access to the courts, protected by the First
19  Amendment right to petition and the Fourteenth Amendment right to substantive due process.
20  Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). This right is limited to direct criminal
21  appeals, habeas petitions, and Section 1983 civil rights actions. Lewis v. Casey, 518 U.S. 343,
22  354 (1996). The right, however, "guarantees no particular methodology but rather the conferral of
23  a capability—the capability of bringing contemplated challenges to sentences or conditions of
24  confinement before the courts.... [I]t is this capability, rather than the capability of turning pages
25  in a law library, that is the touchstone" of the right of access to the courts. Id. at 356-57.
26  The Supreme Court has identified two categories of access-to-court claims. Christopher v.
27  Harbury, 536 U.S. 403, 412-13 (2002). The first category consists of "forward-looking" claims,
28  which allege that official action presently is frustrating the plaintiff's ability to prepare and file a

3

1   suit at the present time. Id. at 413. The object of "forward-looking" claims is to "place the
2   plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been
3   removed." Id. The second category consists of "backward-looking" claims, which allege that due
4   to official action, a specific case "cannot now be tried (or tried with all material evidence), no
5   matter what official action may be in the future." Id. at 413-14. These cases look "backward to a
6   time when specific litigation ended poorly, or could not have commenced, or could have
7   produced a remedy subsequently unobtainable." Id. at 414. As plaintiff claims that defendants'
8   actions caused him to miss a deadline with the California courts, this case is "backward-looking."

9         To state a claim for denial of access to the courts, a plaintiff must establish that he or she
10  suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing
11  litigation, such as the inability to meet a filing deadline or to present a claim." Nev. Dep't of Corr.
12  v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348-49). "Actual injury
13  is a jurisdictional requirement that flows from the standing doctrine and cannot be waived."
14  Lewis, 518 U.S. at 348. Specifically, in a "backward-looking" access-to-courts claim, a plaintiff
15  must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with
16  Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the
17  official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available
18  under the access claim and presently unique to it" that is "not otherwise available in some suit
19  that may yet be brought." Harbury, 536 U.S. at 415, 417-18. However, even if delays in providing
20  legal materials or assistance result in actual injury, they are "not of constitutional significance" if
21  "they are the product of prison regulations reasonably related to legitimate penological interests."
22  Lewis, 518 U.S. at 362.

23                **1. The Complaint Does Not Allege that Plaintiff Suffered an Actual Injury**

24        The complaint does not satisfy the jurisdictional requirement of alleging an actual
25  injury—that is, it does not allege the non-frivolous argument plaintiff would have presented to a
26  California court. As the Supreme Court has explained, "the very point of recognizing any access
27  claim is to provide effective vindication for a separate and distinct right to seek judicial relief for
28  some wrong.... [T]he right is ancillary to the underlying claim, without which a plaintiff cannot

have suffered injury by being shut out of court." Harbury, 536 U.S. at 414-15. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. This is because a prisoner's right to access courts does not include the right to present frivolous claims. See Lewis, 518 U.S. at 353 n.3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

Plaintiff has failed to describe what non-frivolous legal argument or claim he would have presented to a California court. See Harbury, 536 U.S. at 417-18 ("[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."). The complaint contains threadbare contentions that plaintiff was forced to abandon "his appellate case" to challenge his "conviction and sentence" and that he was unable to meet "the time constraints of an extension of the appel[l]ate case" to file a "Wende brief."

Notably, a Wende[1] brief, is not a "brief" at all.  Rather, it is an outline of the factual and procedural posture of the case and does not identify any arguable appellate issues. Smith v. Robbins, 528 U.S. 259, 265 (2000). A Wende brief filed by counsel, admits implicitly that an appeal is frivolous. Id.  This then allows the criminal defendant to file a brief to outline the errors he believes occurred, despite that his attorney has found to appellate issues. Id. Regardless of whether the defendant files a brief pro se, however, the Wende procedure places the burden on the appellate court to review the entire record for error. Id.  If the court finds a non-frivolous arguable issue, the attorney is required to brief the issue. Id. If the court finds no error, it affirms the conviction.[2] Id.

---

[1] People v. Wende, 25 Cal.3d 436 (1979).

[2] In Smith at 276, 278-279, the Court found the Wende procedure to be constitutional.

The allegations in the complaint are insufficient to allege a "nonfrivolous" and "arguable" underlying claim that is "more than hope." Harbury, 536 U.S. at 416; see Rushdan v. R. Gear, 744 Fed. Appx. 510, 511 (9th Cir. 2018) (holding that district court, which held that it was not enough for plaintiff merely to conclude that his underlying claim was non-frivolous, properly dismissed prisoner's access-to-courts claim because he failed to allege facts sufficient to show that defendant caused an actual injury to a nonfrivolous legal claim). Moreover, the Wende procedure requires the court of appeal to scour the record to determine whether there are non-frivolous arguable issues regardless of whether Plaintiff filed a brief. Thus, the complaint fails to demonstrate any actual injury.

### 2. The Complaint Does Not Allege Requisite Intent

"Section 1983 'contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right;' therefore, the requisite mental state for individual liability will change with the constitutional provision at issue." OSU Student Alliance v. Ray, 699 F.3d 1053, 1071-72 (9th Cir. 2012) (quoting Daniels v. Williams, 474 U.S. 327, 330 (1986)). Here, plaintiff asserts violations of the Fourteenth and First Amendments.

In Daniels v. Williams, the Supreme Court held that the Fourteenth Amendment's Due Process clause is not violated by negligence. 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." (emphasis in original)). "[I]t is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property that the fourteenth amendment was designed to prevent." Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir. 1989).

The Ninth Circuit has not published an opinion regarding whether intentional conduct is required for a First Amendment access-to-courts claim. However, the Ninth Circuit cited Daniels in an unpublished opinion to observe that it is "questionable" whether an access-to-courts claim can be premised on "garden-variety negligence." Merrick v. Inmate Legal Servs., 650 Fed. Appx. 333, 334 (9th Cir. 2016). Other circuit courts have held that negligence is insufficient for a First Amendment access-to-courts claim. See, e.g., Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995)

1  (holding that Daniels applies to both Fourteenth and First Amendment access-to-court claims, and
2  negligence in misrouting a form does not violate the First Amendment right to petition); Snyder
3  v. Nolen, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("[W]e have made clear that an allegation of
4  simple negligence will not support a claim that an official has denied an individual of access to
5  the courts."); Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005) (explaining that in
6  order to prevail on a First Amendment access-to-courts claim, a plaintiff "must show that the
7  defendants acted with some intentional motivation to restrict their access to the courts").

8  　　　　The complaint here contains only conclusory allegations that defendants acted
9  intentionally to deprive plaintiff of his right to access the courts. But none of the allegation in the
10 complaint connect any of the defendants to the alleged constitutional violations in a way that
11 would impose liability. With respect to Lt. Hays, CO Petrey, and Correctional Counselor
12 Johnson, there are no factual allegations that would support an inference that their actions
13 amounted to anything more than negligence. With respect to Warden Anglea, there is no
14 allegation that he had any knowledge of, or any connection with, any allegedly unconstitutional
15 treatment that plaintiff received at the hands of its subordinates. See Keates v. Koile, 883 F.3d
16 1228, 1243 (9th Cir. 2018). Nor does plaintiff set forth any factual allegations that Warden
17 Anglea personally promulgated any specific policy that had a direct causal connection with any
18 alleged constitutional injury. Rather, the complaint contains "conclusory allegations and
19 generalities, without any allegations of specific wrongdoing" by Warden Anglea. See Hydrick v.
20 Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Such "bald and conclusory allegations are insufficient
21 to establish individual liability under 42 U.S.C. § 1983." Id. (quotations omitted); see also Blantz
22 v. Cal. Dep't of Corr. & Rehab., 727 F.3d 917, 927 (9th Cir. 2013) (concluding that "conclusory
23 allegations" that a supervisory defendant "directed" other defendants, without factual assertions
24 to support the allegation, were insufficient to defeat a motion to dismiss).

25 　　**B.  Loss of Personal Property**

26 　　　　Plaintiff's second claim is premised on the loss or destruction of his personal property.
27 Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730
28 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants'

7

unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court."). Therefore, plaintiff fails to state a claim for defendants' loss or destruction of his personal property.

## IV.   Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. Because service has not been deemed appropriate for any defendant, plaintiff's motion regarding service of summons (Doc. 9) will be denied.

The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting

Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, the Court **ORDERS** that:

1. Plaintiff's motion regarding service of summons (Doc. 9) is **DENIED**;
2. Within thirty days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
3. If plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 17, 2020**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE