UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM S. URMANCHEEV,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER ANGLEA, et al.,<br><br>Defendants. | Case No. 1:19-cv-00791-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>(Doc. 18)<br><br>**14-DAY DEADLINE** |

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     PLEADING STANDARDS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N.*

*A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arose following his transfer from Sierra Conservation Center ("SCC") in Jamestown, California to Avenal State Prison ("ASP") in Avenal, California. Plaintiff sues the following defendants:

1. H. Anglea, former Warden at SCC;
2. C. Hays, Lieutenant at SCC;
3. J. Hunter, J. Associate Warden at SCC;
4. P. Vasquez, Chief Deputy Warden at SCC;
5. K. Petrey, Senior Correctional Officer ("CO") at Facility B at SCC;
6. Doe 1, CO on second watch at Facility B at SCC who worked on May 18, 2015, on

the second watch;

7. Doe 2, CO at Facility B at SCC who worked on May 18, 2015, on the second watch;

8. Doe 3, CO at Facility B at SCC on May 18, 2015, on the third watch;

9. Doe 4, CO at Facility B at SCC on May, 18, 2015, on the second watch;

10. Doe 5, Correctional Sergeant at SCC;

11. R. Ndoh, Warden of ASP;

12. P. Johnson, Correctional Counselor I ("CCI"), assigned to the Outpatient Housing Unit ("OHU') infirmary;

13. Fuentes, CO at ASP;

14. Lipper, CO at ASP; and

15. Batson, CO at ASP.

(Pl. 2nd Am. Compl., Doc. 18 at 6–7.) Plaintiff sues H. Anglea in his official capacity as Warden of SCC; Plaintiff sues all other defendants in their personal capacities. (*Id.*)

Plaintiff alleges that on May 18, 2015, he was moved from Section F of Facility B to the SCC OHU after suffering a serious injury. He stayed there until May 29, 2015, when he was transferred from SCC OHU to ASP OHU following a surgery. He remained at ASP OHU until September 18, 2015. During that time, several custodial officers visited the infirmary and interviewed him. Plaintiff inquired about his legal papers and personal property, which were not transferred with him to ASP. Plaintiff explained the importance of his legal papers to the appeal of his criminal conviction and sentence. Because he was unable to obtain his papers, Plaintiff abandoned his appeal at the end of August 2015.

On August 28, 2015, Defendant Petrey found "remnants" of Plaintiff's paperwork. On or around September 9, 2015, Plaintiff received a parcel containing some of his legal documents and "garbage." (Doc. 18 at 11.)

### III.  DISCUSSION

The crux of Plaintiff's claims is that his legal papers and other property were not transferred with him from SCC to ASP, thereby causing Plaintiff to abandon the appeal of his underlying robbery conviction and sentence. Plaintiff attempts to raise three claims: (1)

3

"[i]ntentional seizure, withholding, destruction of Plaintiff's legal documents in violation of his rights protected by I, V, XIV Amendments to U.S. Constitution"; (2) "denial of access to law library, deliberate indifference and reckless disregard to Plaintiff's legal materials, needs affirmative act of interference with Plaintiff's litigation"; and (3) destruction of property without due process. (Doc. 18 at 3, 4, 12.)

### A. Access to Courts

Prisoners have a constitutional right of access to the courts, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). This right is limited to direct criminal appeals, habeas petitions, and Section 1983 civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . [I]t is this capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356–57.

The Supreme Court has identified two categories of access-to-court claims. *Christopher v. Harbury*, 536 U.S. 403, 412–13 (2002). The first category consists of "forward-looking" claims, which allege that official action presently is frustrating the plaintiff's ability to prepare and file a suit at the present time. *Id*. at 413. The object of "forward-looking" claims is to "place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* The second category consists of "backward-looking" claims, which allege that due to official action, a specific case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413–14. These cases look "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414. As plaintiff claims that defendants' actions caused him to miss a deadline with the California courts, this case is "backward-looking."

To state a claim for denial of access to the courts, a plaintiff must establish that he or she suffered an "actual injury"—that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nev. Dep't of Corr.*

*v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348-49). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and cannot be waived." *Lewis*, 518 U.S. at 348. Specifically, in a "backward-looking" access-to-courts claim, a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that is "not otherwise available in some suit that may yet be brought." *Harbury*, 536 U.S. at 415, 417–18. However, even if delays in providing legal materials or assistance result in actual injury, they are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

Plaintiff has raised an arguable claim for the denial of access to the courts. In the underlying appeal, Plaintiff argues that the Los Angeles County Superior Court erred because of "substantive and procedural due process violations, insufficient assistance of counsel, absence of probation report, relinquishment of preliminary hearing, denial of mental state examination, wrong misleading advise [sic] in regard of immigration consequences; much less, lack of effort to prevent such consequences." (Doc. 18 at 4.) Plaintiff did not, however, plead his claim in accordance with Rule 8(a) as if his claim was independently pursued. *Harbury*, 536 U.S. at 415. More significantly, Plaintiff is unable to establish liability because no individual defendant's actions are causally connected to the loss and/or destruction of Plaintiff's legal paperwork and subsequent abandonment of his appeal.[1]

### B. Linkage and Causation

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or other federal rights by persons acting "under color of state law." To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362,

---

[1] For example, he does not discuss whether he brought the matter to the attention of the Court of Appeal to seek an extension of time to allow him to obtain replacement documents or research or the result of such an effort.

373–75 (1976). The Ninth Circuit has held that a person may be liable under section 1983 for an affirmative act, participation in another's affirmative acts, or omission of an act that he is legally required to do, causing the deprivation of a constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Under section 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In his first claim, Plaintiff alleges that the "[i]ntentional seizure, withholding, destruction of Plaintiff's legal documents" violated his constitutional rights. (Doc. 18 at 3.) In an apparent effort to link individual defendants to the loss of his property, alleges that Defendants Hays, the Doe Sergeant, Vasquez, the four Doe COs, Hunter, and Anglea each "seized, withheld, destroyed or contributed to destruction of property" and that Petrey "helped to destroy or contributed to their destruction." (Doc. 18 at 8–9.) This "shotgun" approach in naming several defendants who allegedly violated Plaintiff's constitutionally protected rights presents allegations that are "vague, conclusory statements devoid of specific facts." *Hunter v. White*, No. 1:13-cv-01681-RRB, 2015 WL 3794968, at *2 (E.D. Cal. June 17, 2015).

Instead, Plaintiff alleges Hays, Does 1–5, and Vasquez visited him in the infirmary and assured Plaintiff that his documents and property were safe. Warden Ndoh also visited the infirmary and indicated that she would look into it or delegate someone to do it, but she did not. Although these are alleged to have been empty assurances, these failures do not amount to a constitutional violation.

Plaintiff alleges that Petrey "helped to destroy or contributed to their destruction in May [2015]. Petrey, Sr. displayed utterly callous and reckless disregard to the rights of the plaintiff." (Doc. 18 at 9.) However, Plaintiff specifically alleges only that on August 26 or 28, 2015, Petrey was assigned to look for Plaintiff's paperwork and he found "remnants" of the paperwork." (*Id.*) This allegation is insufficient to establish a constitutional violation.

6

With respect to Defendants Fuentes, Johnson, Batson, and Lipper, Plaintiff alleges that he requested their assistance for access to the law library and the transfer of his legal paperwork, but each declined. (*Id.* at 10.) These defendants regularly worked in or visited the infirmary. Plaintiff has not established that they had any legal duty to provide such assistance or that their refusals amounted to constitutional violations.

**C. Intent**

"Section 1983 'contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right;' therefore, the requisite mental state for individual liability will change with the constitutional provision at issue." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1071–72 (9th Cir. 2012) (quoting *Daniels v. Williams*, 474 U.S. 327, 330 (1986)). Here, plaintiff asserts violations of the Fourteenth and First Amendments.

In *Daniels v. Williams*, the Supreme Court held that the Fourteenth Amendment's Due Process clause is not violated by negligence. 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." (emphasis in original)). "[I]t is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property that the fourteenth amendment was designed to prevent." *Stevenson v. Koskey*, 877 F.2d 1435, 1440–41 (9th Cir. 1989).

The Ninth Circuit has not published an opinion regarding whether intentional conduct is required for a First Amendment access-to-courts claim. However, the Ninth Circuit cited *Daniels* in an unpublished opinion to observe that it is "questionable" whether an access-to-courts claim can be premised on "garden-variety negligence." *Merrick v. Inmate Legal Servs.*, 650 F. App'x. 333, 334 (9th Cir. 2016). Other circuit courts have held that negligence is insufficient for a First Amendment access-to-courts claim. *See, e.g., Pink v. Leste*r, 52 F.3d 73, 76 (4th Cir. 1995) (holding that *Daniels* applies to both Fourteenth and First Amendment access-to-court claims, and negligence in misrouting a form does not violate the First Amendment right to petition); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("[W]e have made clear that an allegation of simple negligence will not support a claim that an official has denied an individual of access to

the courts."); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005) (explaining that in order to prevail on a First Amendment access-to-courts claim, a plaintiff "must show that the defendants acted with some intentional motivation to restrict their access to the courts").

The complaint here contains only conclusory allegations that defendants acted intentionally to deprive plaintiff of his right to access the courts. In particular, Plaintiff alleges that Does 1–5—those individuals who worked on May 18, 2015, the date of Plaintiff's transfer—inventoried and stored Plaintiff's legal and personal property. However, the allegations do not raise an inference that their actions amounted to anything more than negligence.

**D. Supervisory Liability**

In a section 1983 action, vicarious liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Lemire v. Cali. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *accord Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011).

Plaintiff's second amended complaint alleges that J. Hunter "implemented and personally enforced the policy of deliberate and reckless disregard of constitutional rights and statutory [rights] of prisoners. He willfully supported and undersigned a downright false statements and attacks designed to thwart plaintiff's appeal, to impute him in illegal actions of his subordinates." (Doc. 18 at 9.) As to Anglea, Plaintiff alleges that the warden "was responsible for overall well-being of prisoners in his prison. He designed and promoted policies that allowed his employees impunity of rampant gross violations of human rights, constitutional freedoms and statutory protections." (*Id.*) These sweeping, conclusory allegations fail to identify any specific policy or policies that impinged on prisoners' rights. At best, the Plaintiff's case presents an isolated incident of lost property rather than any broader policy of mishandling prisoner property for which Hunter and Anglea can be held personally liable.

**E. Loss of Personal Property**

Plaintiff's third claim is premised on the loss or destruction of his personal property.

8

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court."). Therefore, Plaintiff fails to state a constitutional claim for defendants' loss or destruction of his personal property.

## IV.     CONCLUSION

Plaintiff's second amended complaint fails to state a claim on which relief may be granted. Based upon the facts alleged, the deficiencies cannot be cured by amendment, and further leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is unable to proceed on his claims that defendants should be held liable for Plaintiff's lost paperwork and subsequent abandonment of his appellate action. Accordingly, the Court **RECOMMENDS** the following:

1. Plaintiff's second amended complaint be **DISMISSED** without prejudice.
2. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 16, 2021**              **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE