UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIM S. URMANCHEEV,<br><br>            Plaintiff,<br><br>     v.<br><br>HUNTER ANGLEA, et al.,<br><br>            Defendants. | No. 1:19-cv-00791-DAD-BAK (SAB) (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. No. 19) |

      Plaintiff Alim S. Urmancheev is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 17, 2020, the then-assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and found that plaintiff had failed to state any cognizable claim. (Doc. No. 11.) In that screening order, the court provided plaintiff with guidance regarding the pleading and legal standards applicable to the three claims that he was attempting to assert in his FAC. (*Id.* at 2–8.) Plaintiff was granted leave to file a second amended complaint within thirty (30) days from service of that screening order, or alternatively, if plaintiff did not wish to further amend his complaint, he was directed to file a notice of his intent to stand on his FAC. (*Id.* at 9.) Plaintiff was warned that if he elected to stand on his FAC, the magistrate judge would issue findings and

1

1  recommendations recommending that plaintiff's complaint be dismissed, without leave to amend,
2  due to plaintiff's failure to state a cognizable claim. (*Id.*) After receiving three extensions of time
3  in which to file a second amended complaint, on January 11, 2021, plaintiff filed a second
4  amended complaint ("SAC").

5  On November 16, 2021, the then-assigned magistrate judge screened plaintiff's SAC and
6  issued findings and recommendations recommending that this action be dismissed due to
7  plaintiff's failure to state a cognizable claim. (Doc. No. 19.) Given plaintiff's repeated failure to
8  allege facts sufficient to state cognizable claims, despite the guidance provided in the screening
9  order addressing plaintiff's FAC and his prior opportunity to amend, the magistrate judge also
10 found that granting leave for further amendment would be futile and recommended dismissal of
11 this action without further leave to amend. (*Id*. at 9.) The pending findings and recommendations
12 were served on plaintiff and contained notice that any objections thereto were to be filed within
13 fourteen (14) days of service. (*Id*.) After receiving two extensions of time in which to file
14 objections, on March 23, 2022, plaintiff timely filed objections to the pending findings and
15 recommendations. (Doc. No. 27.)

16 In his objections, plaintiff primarily argues that the magistrate judge improperly
17 conducted a "rigorous pattern-like screening" of his SAC and misapplied the applicable screening
18 standards under 28 U.S.C. § 1915A(a). (*Id.* at 2–11.) Specifically, plaintiff objects to the
19 discussion in the findings and recommendations of "linkage and causation" and "intent"
20 requirements, arguing that the text of § 1915A does not impose such requirements. (*Id.*)
21 Plaintiff's objection in this regard is unavailing because plaintiff asserts claims under 42 U.S.C. §
22 1983, and as explained in the findings and recommendations, to state a cognizable § 1983 claim,
23 plaintiff must allege facts which, if proven, would show a causal connection or link between the
24 defendants' actions and the alleged deprivation of plaintiff's constitutional rights. (*See* Doc. No.
25 19 at 5–6.) The magistrate judge correctly concluded that plaintiff's allegations in the SAC are
26 insufficient with regard to these requisite elements.

27 In addition, plaintiff's objection that intent "is not statutorily required for commencement
28 of [a] § 1983 action" (Doc. No. 27 at 7), is also unavailing because, as stated in the findings and

2

recommendations: "Section 1983 'contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right;' therefore, the requisite mental state for individual liability will change with the constitutional provision at issue." (Doc. No. 19 at 7) (citation omitted).  Plaintiff's claims are predicated on alleged violations of his rights under the Fourteenth Amendment and First Amendment, and as explained in the findings and recommendations, the requisite mental state for individual liability in connection with violations of those constitutional provisions is more than "mere negligence" or "garden-variety" negligence. (*Id.*)  The magistrate judge correctly concluded that plaintiff's "allegations do not raise an inference that [defendants'] actions amounted to anything more than negligence," and thus plaintiff has not stated a cognizable claim.  (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 16, 2021 (Doc. No. 19) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 5, 2022**

UNITED STATES DISTRICT JUDGE